1

2

3

4

5

6

7      **IN THE UNITED STATES DISTRICT COURT FOR THE**

8              **EASTERN DISTRICT OF CALIFORNIA**

9

10    LETICIA CEJA-CORONA,                     )    **1:12-CV-01868-AWI-DLB**
      on behalf of herself and others          )
11    similarly situated,                      )
                                               )    ORDER RE: DEFENDANT'S
12                        Plaintiff,           )    MOTION TO DISMISS CAUSE
                                               )    OF ACTION FOR ALLEGED
13          **v.**                             )    VIOLATION OF THE FAIR
                                               )    LABOR STANDARDS ACT
14    CVS PHARMACY, INC., a corporation;       )
      and DOES 1 through 50,                   )
15                                             )    (Doc. 5)
                         Defendants.           )
16                                             )
                                               )
17    _____)

18                            **BACKGROUND**

19

20          On October 9, 2012, Plaintiff Leticia Ceja-Corona ("Plaintiff") filed her class action

21    complaint alleging causes of action for (1) failure to pay the minimum wage and overtime under

      California law; (2) failure to provide reporting time pay under California law; (3) a violation of
22
      California Labor Code section 226(a); (4) penalties pursuant to California Labor Code section
23
      203; (5) a violation of California's Business and Professions Code sections 17200 *et seq*; and (6)
24
      a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Defendant CVS
25
      Pharmacy, Inc. ("Defendant") has filed a motion to dismiss Plaintiff's sixth cause of action for
26
      violation of the FLSA pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has filed an
27
      opposition to Defendant's motion to dismiss.
28

**LEGAL STANDARD**

A complaint must contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  A court must take all the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party.  *Id.*  A party may move to dismiss based on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *Parks School Of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In making a 12(b)(6) determination, district courts have followed a two-step approach.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 564-570, 127 S.Ct. 1955, 167 L.Ed.2d 919 (2009).  First, district courts should carefully examine the complaint to smoke out any "merely legal conclusions resting on the prior allegations."  *Id*. at 564.  If an allegation is deemed "conclusory," it is entitled to no weight in the Rule 12(b)(6) calculus.  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).  Second, district courts should weigh the remaining facts and determine if they are sufficient to "nudge the claims across the line from conceivable to plausible."  *Bell Atlantic,* 550 U.S. at 570.  While a complaint "need not contain detailed factual allegations, it must plead enough facts to state a claim of relief that is plausible on its face."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

Plausibility can be met even if a judge disbelieves a complaint's factual allegations.  *Aschroft*, 129 S. Ct. at 1959 (stating that "no matter how skeptical the court may be... 'Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations.'").  "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1940.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."  *Id.* at 1949.  A Rule 12(b)(6) analysis is "not whether a plaintiff will ultimately

2

prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 414 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### FACTS (alleged)

Plaintiff is an employee of Defendant and works at Defendant's distribution center as a nonexempt hourly employee. Compl. 5: 21-25. Plaintiff alleges that Defendant has for years knowingly failed to compensate California and Nationwide Employees, including Plaintiff, for all wages, overtime, and reporting-time pay earned and due under the FLSA. Compl. 13:22-24. According to Plaintiff, from at least four years prior to the filing of this action and continuing to the present, Defendant failed to compensate Plaintiff and those employed by Defendant ("Other Employees") for time spent changing into and out of their work aprons at the work place and for time spent undergoing Defendant's security checks. Compl. 13:8-12. Plaintiffs allege that this off-the-clock work sometimes caused the total hours worked by Plaintiff and other employees to exceed eight hours in a day or forty hours in a week for which such employees were entitled to no less than time and one-half their regular pay rates. Compl. 13:15-19.

### DISCUSSION

***Plaintiff's Sixth Cause of Action (Violation of the Fair Labor Standards Act)***

Plaintiff asserts in her Class Action Complaint a sixth cause of action for violation of the FLSA premised on the allegations that Defendant failed to compensate former and current distribution center employees for time spent: (1) changing in and out of their aprons at the beginning and end of their work day; and (2) waiting to pass through a mandatory security check at the start and end of their shifts.

Under the Fair Labor Standards Act ("FLSA"), employers must pay employees for all hours worked. See *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (9th Cir. 2003), *aff'd*, 546 U.S. 21

(2005); see also 29 U.S.C. §§ 206, 207.  The FLSA ensures that employers receive a "fair day's pay for a fair day's work."  *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 578 (1942) (superseded by statute); see also 29 U.S.C. § 251 (2006).  The statute provides:

> No employer shall employ any of his employees... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2006).  To "employ" a worker means "to suffer or permit to work," 29 U.S.C. § 203(g).  Because the statute does not define "work," courts are left to interpret the term. Courts have defined "work" as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer."  *Tennessee Coal, Iron & R. Co. Vv. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944) (superseded by the Portal-to-Portal Act, 29 U.S.C. § 251 (2006)).  However, "that such activity is work as a threshold matter does not mean without more that the activity is necessarily compensable."  *Alvarez,* 339 F.3d at 902 (italics added).

This definition, while broad, has been expanded further.  The Supreme Court has held that work may also include "non-exertional acts" where "an employer... may hire a man to do nothing, or to do nothing but wait for something to happen."  *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944).  The Supreme Court has endorsed an expansive definition of "work," holding that exemptions are "to be narrowly construed against... employers and are to be withheld except as to persons 'plainly and unmistakably within their terms and spirit.'"  *Auer v. Robbins*, 519 U.S. 452, 462 (1997) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

The Portal-to-Portal Act carves out exceptions to the FLSA's compensable work requirement.  See 29 U.S.C. § 254(a).  Under the Portal-to-Portal Act, activities excluded from the FLSA coverage are:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or

4

activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

*Id.* A "principal activity" is one "which the employee is 'employed to perform.'" 29 C.F.R. § 790.9(a) (2008). Congress enacted the Portal-to-Portal Act to limit what Congress perceived as overreaching by the Court: "Congress finds that the [FLSA] has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers." 29 U.S.C. § 251(a). In other words, Congress intended the Portal-to-Portal Act to protect employers by limiting their liability to their employees.

However, while the Portal-to-Portal Act created exceptions to the FLSA, the Supreme Court created an exception to the Portal-to-Portal Act. See *Steiner v. Mitchell*, 350 U.S. 247 (1956). This exception made "preliminary and postliminary activities" compensable if they are "an integral and indispensable part of the principal activities." *Id.* at 256; see also 29 C.F.R. § 790.7(h) ("An activity which is a 'preliminary' or 'postliminary' activity under one set of circumstances may be a principal activity under other conditions."). Essentially, this is an exception to the exception: if an activity is "an integral and indispensable part" of a worker's principal activity, the worker must be paid for it under the FLSA, even if it would otherwise be excluded as "preliminary or postliminary" under the Portal-to-Portal Act. The Fifth Circuit analyzed several factors to determine whether preliminary or postliminary activities are so "integral and indispensable" as to be compensable: (1) whether the activity is required by the employer, (2) whether the activity is necessary for the employee to perform his or her duties, and (3) whether the activity primarily benefits the employer. *Dunlop v. City Electric, Inc.,* 527 F.2d 394, 401 (5th Cir. 1076).

To simplify these complexities, the Ninth Circuit adopted a three-step approach to determine when an activity was compensable within the definitions of the FLSA and the Portal-to-Portal Act. See *Bamonte v. City of Mesa*, 598 F.3d 1217, 1224 (9th Cir. 2010) ("We discern a

5

three-step inquiry utilized in resolving the issue presented in *Alvarez*.").  The three steps are (1) whether the activity constituted "work," (2) whether the activity was an "integral and indispensable" duty, and (3) whether the activity was *de minimis*.  *Id.*  "Work" is defined as "physical or mental exertion... *controlled or required by the employer* and pursued necessarily and *primarily for the benefit of the employer*."  *Alvarez*, 339 F.3d at 902 (italics added).  An activity is "integral and indispensable" if that activity is "necessary to the principal work performed and done for the benefit of the employer."  *Id.* (citing *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 750 F.2d 47, 50 (8th Cir. 1984)).

Lastly, an activity is *de minimis* if "the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours" and so "such trifles may be disregarded, for split second absurdities are not justified by the actualities or working conditions or by the policy of the [FLSA]."  *Alvarez*, 339 F.3d at 903 (citing *Anderson v. Mt. Clemens Pottery Co.*, 323 U.S. 680, 692 (1946) (superseded by statute on other grounds)).  As a general rule, employees cannot recover for otherwise compensable time if it is *de minimis*.  *Lindow v. United States*, 738 F.2d 1057, 1061-62 (9th Cir. 1984).

The Ninth Circuit in *Lindow* held that although there is no precise amount of time and no rigid rule that can be applied with mathematical certainty, courts may consider a few factors to determine whether compensation is appropriate.  *Lindow*, 738 F.2d at 1062.  One important factor is the amount of daily time spent on the additional work.  In this regard, the *Lindow* court cited numerous other courts that held that an additional daily period of approximately 10 minutes is considered *de minimis* even though otherwise compensable. Another factor is the "practical administrative difficulty of recording small amounts of time for payroll purposes." *Id*.  In addition, the Ninth Circuit indicated that courts should consider the size of the aggregate claim as courts "have granted relief for claims that might have been minimal on a daily basis, but, when aggregated, amounted to a substantial claim." *Id.* at. 1063.  Finally, in applying the *de minimis* rule, courts should "consider whether the claimants performed the work on a regular basis."

*Alvarado*, 2008 WL 2477393, *3.

The prospect of aggregating activities together compounds the inherent uncertainty of this task. For example, the *de minimis* exception might apply to several activities if they are considered separately, but when aggregated in total, they might be significant enough to require compensation. However, the Ninth Circuit in *Lindow* indicated that, although the aggregate claim over an extended period may be substantial, the claim may still be considered *de minimis* "because of the administrative difficulty of recording the time and the irregularity of the additional pre-shift work." *Lindow,* 738 F.2d at 1063.

Aside from the Portal-to-Portal Act, Section 203(o) also carves out an additional exception to the FLSA's compensable work requirement applicable only where the employer and employee have agreed not to compensate such activity. Section 203(o) states:

> In determining the purposes of sections 206 and 207... the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

29 U.S.C. § 203(o). Section 203(o) seeks to uphold collective bargaining agreements between an employer and employee. Therefore, the Court should not intrude where an employee has voluntarily bargained away compensation for "changing clothes."

### a. Donning and Doffing of Work Aprons

"Whether an activity is excluded from hours worked under the FLSA, as amended by the Portal-to-Portal Act, is a mixed question of law and fact. The nature of the employees' duties is a question of fact, and the application of the FLSA to those duties is a question of law." *Ballaris v. Wacker Siltronic Corp.,* 370 F.3d 901, 910 (9th Cir. 2004) (citing *Baker v. Barnard Construction Co., Inc.*, 146 F.3d 1214 (10th Cir. 1998)). "While the Portal-to-Portal Act excluded 'ordinary' clothes-changing from compensable time, other clothes-changing that was not 'merely a convenience to the employee' and that was 'directly related to the specific work' remained compensable." *Id.*

The Ninth Circuit in *Ballaris* held that time spent donning and doffing work uniforms was compensable.  *Ballaris*, 370 F.3d at 911.  The Ninth Circuit held that the employer requiring "[employees] to change into and out of their uniforms at the plant, and only at the plant" and being "prohibited from leaving the plant in their uniforms" were facts that weighed heavily in favor of a determination that the activity is *not* excluded by the Portal-to-Portal Act.  *Id.*  Further, the activity "was performed at both broad and basic levels for the benefit of [the company]."  *Id.*[1]

The Ninth Circuit also addressed the compensability of the donning and doffing of job-related apparel in *Alvarez v. IBP, Inc.* and again, found that such activity was compensable.  See *Alvarez v. IBP, Inc.,* 339 F.3d 894 (9th Cir. 2003).  There, the Ninth Circuit held that donning and doffing of protective gear was compensable worktime.  *Id.* at 904.  The Ninth Circuit further held that in considering whether putting on and taking off safety goggles was excluded, the "ease of donning and ubiquity of use [did] not make the donning of such equipment any less 'integral and indispensable.'"  *Id.* at 903.

Plaintiff alleges that Defendant violated the FLSA because they did not compensate Plaintiff for time worked off the clock.  Compl. 13: 3-7.  Plaintiff alleges that Defendant did not allow her to clock in so that she could be paid for such time.  Plaintiff also states that Defendant required Plaintiff to take additional time to remove her work apron at the end of her shift after she clocked out.  Compl. 13: 4-7.  Plaintiff alleges that the changing into and out of the required work aprons were integral and indispensable to her principal work activities and were performed necessarily and primarily for the benefit of Defendant.  Compl. 13: 8-12.

First, the donning and doffing of work aprons can be considered "work" as required by the FLSA because such activity involves the "physical... exertion... controlled or required by the

---

[1] "The workplace introductory manual and other supporting company manuals state that the uniforms were required to limit potential cleanroom contamination, and thereby to assist the employer in ensuring the quality of the silicon chips manufactured at the plant. The uniforms were also mandated to keep the company competitive, to promote a clean internal philosophy, and to attract favorable industry attention, outcomes that clearly inured to the benefit of [the employer]."  *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 911 (9th Cir. 2004).

employer" and "primarily benefits the employer."  *Alvarez*, 339 F.3d at 902.  The Complaint clearly alleges that Defendant required Plaintiff and other employees to don and doff these aprons.

Second, the donning and doffing of aprons presumptively benefits Defendant because a presumption that a requirement benefits the employer exists where an employer requires its employees to wear uniforms.  See *Lemmon v. City of San Leandro*, 538 F.Supp.2d 1200, 1208 (N.D. Cal. 2007) ("Finally, if the uniform is required by the [San Leandro Police Department], there is a presumption that it benefits the SLPD since it would not have required the uniform otherwise.").  However, regarding whether the donning and doffing of the aprons is "necessary" for the work performed is not as clear under the current binding authority.

It appears at first glance that the Portal-to-Portal Act applies because the donning and doffing of the apron is a preliminary and postliminary activity since such activity occurs before and after Plaintiff's principal work.  See 29 C.F.R. 790.7(b) ("The words 'preliminary activity' means an activity engaged in by an employee before the commencement of his 'principal' activity or activities, and the words 'postliminary activity' means an activity engaged in by an employee after the completion of his 'principal' activity or activities.").  However, from the Complaint's allegations, the Court is unable to discern whether the apron is "necessary to the principal work performed" because the Complaint is devoid of details surrounding what the nature of Plaintiff's work duties are and what purpose the apron serves.  See *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010) ("Donning and doffing of required gear is compensable work activity when the employer, the law, or the nature of the job requires that it take place on the employer's premises.").  Plaintiff merely alleges that Plaintiff and other employees work at Defendant's distribution center as nonexempt hourly employees.  The Complaint needs additional details regarding the nature of Plaintiff's work because merely stipulating that Plaintiff and employees work at a distribution center does not show how donning and doffing of the apron may be 'integral and indispensable' to the 'principal activity.'  In other words, the Complaint

1  fails to state what Plaintiff's 'principal activities' are.  Accordingly, Plaintiff has failed to plead

2  sufficient facts to satisfy the second prong.

3      Assuming, arguendo, that Plaintiff survived the second prong, the Court will address the

4  *de minimis* requirement.  Under the *de minimis* requirement, the Ninth Circuit reasoned that the

5  donning and doffing of both unique and non-unique protective gear is generally compensable, but

6  the *de minimis* doctrine precludes compensation where non-unique protective gear is involved.

7  *Alvarez*, 339 F.3d at 902 (quoting *Muscoda Local No. 122*, 321 U.S. at 598) ("The time it takes

8  to perform [donning and doffing]... vis-a-vis non-unique protective gear is de minimis as a matter

9  of law.").  As the Tenth Circuit posited, "time spent donning and doffing non-unique protective

10  gear, although essential to the job and required by the employer," is at once so insubstantial and

11  so difficult to monitor that it is "*de minimis* as a matter of law."  *Alvavrez*, 339 F.3d at 903.

12      In general, aprons are non-unique protective gear.  However, depending on the nature of

13  Plaintiff's work, an apron may be so "integral and indispensable" to Plaintiff's principal work

14  activity that regardless of the *de minimis* requirement, the donning and doffing of the apron is

15  compensable.  As mentioned earlier, the Court is unable to make such determination because the

16  complaint is devoid of the necessary details.  See *Huff v. City of Los Angeles*, 468 Fed.Appx.

17  773, 774, 2012 WL 562756 (9th Cir. 2012) (Held that the district court did not abuse its direction

18  in dismissing appellant's complaint when "appellants did not state whether the donning and

19  doffing of their uniforms and safety equipment at work was required by 'law, rule, their

20  employer, or the nature of their work.'").

21      Because Plaintiff has failed to allege facts sufficient to satisfy the second and third prong

22  of the *Bamonte* test, the Court grants Defendant's Motion to Dismiss on this cause of action with

23  leave to amend.

24

25

26

27

28                                    10

### b. Security Check Point

Plaintiff alleges that Defendant failed to compensate Plaintiff and other employees for passing through a mandatory security check.  Compl. 13:8-9.  Plaintiff alleges that passing through a mandatory security check is compensable under the FLSA because it is an "integral and indispensable" part of Plaintiff's principal activities.  Compl. 13:10-12.

Many courts have addressed whether going through a mandatory security check is compensable under the FLSA.  The court in *Alvarado* found that the amount of time, aggregate uncompensated time and the administrative difficulties in recording the same amounts of time spent in compliance with Costco's security measures, renders Plaintiff's claims *de minimis*.  *Alvarado*, 2008 WL 2477393, at *4.[2]  Additionally, in *Alvarado*, the court granted defendant's motion for summary judgment because it was difficult for the defendant to record the time it took for every employee to go through security check since it generally only took a "couple of minutes."  *Id*. at *3-4.[3]  Thus, according to the court in *Alvarado*, Plaintiff's claims were *de minimis* because of the difficulty in recording the trivial fraction of time.  *Id.* at *4.

Another District Court in California found that *de minimis* still applied even where the security checks were mandated by the employer.  In *Cervantez v. Celestica Corp.*, 618 F.Supp.2d 1208 (C.D. Cal. 2009).  The court there held that:

> "First, Defendants require Plaintiffs to pass through the security screening before they may enter the Celestica facility. This is an express means of control Defendants exercise over Plaintiffs. Furthermore, Plaintiffs necessarily must arrive at work early, even if not at a specific time, to pass through security, clock in, and walk in their work stations so they can start working at the beginning of their shift. If a plaintiff chooses to leave the security line or exit the facility, only to submit again to security screening, she runs the risk of being late and being docked pay. This is a realistic consideration for an employee and

---

[2] "The workplace introductory manual and other supporting company manuals state that the uniforms were required to limit potential cleanroom contamination, and thereby to assist the employer in ensuring the quality of the silicon chips manufactured at the plant."  *Alvarado*, 2008 WL 2477393, at *4

[3] "Repositioning time clock closer to exit door would create administrative difficulties because employees engaged in noncompensable activities after the end of their shift but before leaving the warehouse, such as shopping, attending the restroom, socializing, walking time and other personal activities."  *Id.* at *3-4.

1   shows Defendants control Plaintiffs from the moment they enter the security line."

2   *Id.* at *1216.  There, the court found that regarding a claim for post-shift compensation, such a

3   claim was *de minimis* and not compensable.[4]  The court relied on disputed evidence showing that

4   "it would be difficult to capture and compensate plaintiffs for their post-shift time spent clocking

5   in and waiting to pass through security to exit the building" because it took plaintiffs as little as a

6   minute to go through security.  *Cervantez*, 618 F.Supp.2d 1208, 1219.  ("If [defendant] was

7   required to account for each second of time associates spend passing through security or clocking

8   in or out, it would have to impose substantial restrictions on associates with respect to the time

9   they could arrive at or leave Celestica's Fontana facility.").

10      Similarly, another District Court in California found that the "few seconds" spent

11  punching in was *de minimis* and not compensable.  *Cornn v. United Parcel Service Inc.*, 2005

12  WL 2072091 at 4 (N.D. Cal. 2005).  "Although Plaintiffs and UPS disagree over how to apply

13  the *de minimis* rule to these proceedings, it cannot be disputed that a few seconds constitute *de*

14  *minimis* work under any interpretation of that rule."  *Id.*; see also Cal. Dep't of Labor Standards

15  & Enforcement Policies & Interpretations Manual § 47.2.1.1 (stating that the *de minimis* rule

16  applies "where there are certain and indefinite periods of time involved of a few seconds or

17  minutes duration, and where the failure to count such time is due to considerations justified by

18  industrial realities").

19      In addition to these District Court determinations, other Circuit Courts have also

20  addressed the issue of whether going through security is compensable and have generally held

21  that it is not.  See *Gorman v. Consolidated Edison Corp.*, 488 F.3d 586 (2nd Cir. 2007); see also

22  *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340 (11th Cir. 2007).  The Second

23  Circuit in *Gorman v. Consolidated Edison Corp.* held that the ingress and egress security

24

25  ───────────────

26  [4] The court also denied a motion for summary judgment because there was a triable issue
    of fact on whether Plaintiffs' claim for pre-shift compensation was *de minimis*.  *Cervantez v.
    Celestica Corp.*, 618 F.Supp.2d 1208, 1218 ("[Defendants] do raise a triable issue of fact that

27  Plaintiffs' claim for pre-shift compensation is *de minimis* and not compensable.")

28                                           12

procedures, from waiting in line at vehicle entrance through final card-swipe and hand print analysis, were not integral to principal work activities of nuclear power plant workers and time spent on such activity was not compensable under the FLSA.  *Gorman*, 488 F.3d at 589.  The Second Circuit reasoned that this time was not compensable because, while "indispensable," it was not "integral" to the employee's principal job activities.  *Id*. at 593.

Similarly, the Eleventh Circuit in *Bonilla v. Baker Concrete Construction, Inc.* agreed with the Second Circuit and held that the time the construction workers spent going through a mandatory security screening was not compensable under the FLSA because the screening was not "integral and indispensable" to a principal activity.  *Bonilla*, 487 F.3d 1340, 1345 (11th Cir. 2007).  Construction workers who worked at an airport sued under the FLSA for compensation for the time it took to get through airport security and from there to their job site each day.  *Id.* at 1341.  According to the Eleventh Circuit, time spent going through security was not "integral" to the employees' principal job activities because "the integral and indispensable test is not a but-for test for causal necessity.  If mere causal necessity was sufficient to constitute a compensable activity, all commuting would be compensable because it is a practical necessity for all workers to travel from their jobs."  *Id.* at 1344-45.

Here, Plaintiff's FLSA claim is predicated on the uncompensated time that employees spend passing through security checkpoints.  *Plaintiff's Opposition to Defendant's Motion to Dismiss*, 9: 15-16.  Plaintiff alleges that for at least four years prior to the filing of this action and continuing to the present, Defendant did not compensate California or Nationwide Employees for the time spent undergoing Defendant's security checks.  Compl. 3: 25-28.  Plaintiff alleges that Defendant required California or Nationwide Employees to report to work daily before the start of their shifts in order to pass mandatory security checks (which Defendants controlled).  Compl. 4: 1-2.  Plaintiff further alleges that Defendant did not allow California or Nationwide Employees to clock in so that they could be paid for such time.  Compl. 4: 3-5.  Plaintiff alleged that "this off-the-clock work sometimes caused the total hours worked by California or Nationwide

1  Employees to exceed eight hours in a day or forty hours in a week.  Compl. 4: 9-11.

2          Defendant responds to Plaintiff's allegations by claiming that because the time spent

3  waiting for a security check is not considered compensable time under the FLSA as a matter of

4  law, Plaintiff has failed to state a claim for which relief can be granted.  *Notice of Motion and*

5  *Motion to Dismiss*, 2: 25-28.   Defendant reasons that this time is not compensable because it is a

6  preliminary and postliminary activity that is not integral to the employees' principal work

7  activity.  *Plaintiff's Opposition to Defendant's Motion to Dismiss*, 9: 16-18.

8          This Court agrees with Defendant and finds that going through security is a preliminary

9  and postliminary activity barred from compensation under the Portal-to-Portal Act.  Additionally,

10  the Complaint does not allege that going through security is an integral activity to Plaintiff's

11  principal activity.  If this Court adopts the idea that going through security is compensable, then

12  the argument could be made that all commuting time will be subject to compensation.  Under

13  Plaintiff's interpretation, employers will be liable for driving or taking the bus to work since,

14  under Plaintiff's reasoning, such employees cannot get to the 'principal activity' without first

15  going through security.  However, such reasoning is contrary to Congress's intent, as described

16  above, to prevent employers from "wholly unexpected liabilities" when they enacted the Portal-

17  to-Portal Act.

18          Accordingly, because going through security check point is a preliminary and

19  postliminary activity that is not "integral" to Plaintiff's "principal" activities, the Court grants

20  Defendant's Motion to Dismiss on this cause of action without leave to amend.

21

22                              **CONCLUSION AND ORDER**

23          Based on the foregoing, Defendant's motion to dismiss Plaintiff's sixth cause of action

24  for alleged violations of the FLSA is hereby GRANTED.

25          With respect to compensation for the donning and doffing of apron, the Court hereby

26  grants Defendant's motion to dismiss with leave to amend.  With respect to compensation for

27

28                                          14

passing through mandatory security checks, the Court grants Defendant's motion to dismiss but denies Plaintiff an opportunity to amend.  Any amended complaint shall be filed within thirty (30) days of this order's date of service.

IT IS SO ORDERED.

Dated:    March 1, 2013

_____

SENIOR  DISTRICT  JUDGE

15