# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA CEJA-CORONA,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No. 1:12-cv-01868-AWI-SAB<br><br>ORDER GRANTING MOTION TO INTERVENE<br><br>ECF NO. 39 |

On January 21, 2014, Margarita Armenta ("Armenta") filed a motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24. (ECF No. 39.)

The hearing on Armenta's motion took place on February 26, 2014. For the reasons set forth below the Court grants Armenta's motion to intervene.

**I.**

**BACKGROUND**

Plaintiff Leticia Ceja-Corona ("Plaintiff") initiated this action in the Superior Court of the State of California for the County of Stanislaus on September 12, 2013. Defendant CVS Pharmacy, Inc. ("Defendant") removed Plaintiff's lawsuit to this Court on November 14, 2012. (ECF No. 1.)

The operative complaint in this action is the First Amended Complaint filed on July 15, 2013. (ECF No. 23.) Plaintiff asserts claims arising from the failure to pay minimum wage and

1

overtime, the failure to pay reporting time pay, the failure to provide accurate wage statements, the failure to provide timely pay upon termination, for violations of California's Unfair Competition Law and for violations of the Fair Labor Standards Act. Plaintiff asserts these claims on behalf of herself as well as other similarly situated class members.

On October 18, 2013, Defendant filed a motion for summary judgment. (ECF No. 31.) Defendant argues that Plaintiff's third claim under California Labor Code section 226 and fourth claim under the Private Attorney Generals Act ("PAGA") are barred due to the statute of limitations. Defendant also argues that Plaintiff's PAGA claim is barred because Plaintiff failed to timely exhaust her administrative remedies.

Margarita Armenta filed the present motion to intervene in response to the motion for summary judgment. Armenta argues that, should summary judgment be granted against Plaintiff on the Section 226 claim and the PAGA claim, Armenta should be allowed to intervene and file an amended complaint so that those claims may continue to be asserted on behalf of the class.

## II.

## LEGAL STANDARDS FOR MOTIONS TO INTERVENE

The Federal Rules of Civil Procedure provide for two types of intervention: intervention as of right and permissive intervention. Intervention as of right is governed by Rule 24(a):

> **(a)** **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> **(1)** is given an unconditional right to intervene by a federal statute; or
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"An applicant seeking intervention as of right must show that: (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (quoting Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997)).

Permissive intervention is governed by Rule 24(b):

> **(b) Permissive Intervention.**
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
> ...
> **(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly, 159 F.3d at 412 (citing Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)). "Permissive intervention is committed to the broad discretion of the district court." Orange County v. Air California, 799 F.2d 535, 539 (9th Cir. 1986). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." Donnelly, 159 F.3d at 412.

## III.

## DISCUSSION

### A. Permissive Intervention[1]

Armenta contends that she meets all the requirements for permissive intervention. Defendant contends that Armenta does not meet any of the requirements for permissive intervention. The Court addresses each factor below.

#### 1. Common Question of Law or Fact

Armenta argues that her claims share common questions of law and fact with Plaintiff's claims. Armenta argues that she is a member of the class proposed by Plaintiff and raises the same claims against Defendant for the violations of the California Labor Code and the Fair Labor Standards Act.

---

[1] Since the Court finds permissive intervention appropriate, the Court need not address whether Plaintiff is entitled to intervention as of right.

1  Defendant contends that Armenta fails to demonstrate that her claims share common questions of law or fact with Plaintiff's claims.  Specifically, Defendant contends that Armenta's allegations are "conclusory" and should not be considered by the Court.  The Court disagrees. Armenta's proposed complaint alleges non-conclusory allegations describing how Armenta and other CVS employees were not compensated for time they spent waiting in security lines, storing their personal belongings, waiting to clock in, etc.  ([Proposed] Second Amended Class Action Compl. ¶¶ 14-21.)  Moreover, Defendant acknowledges in its opposition that Armenta's proposed complaint does not raise any new issues beyond those raised by Plaintiff.  (Def.'s Opp'n to Margarita Armenta's Mot. to Intervene 1:25-26.)

Armenta's allegations and claims are largely identical to those raised by Plaintiff.  The Court finds that Armenta meets this requirement for permissive intervention.

### 2.  Timeliness of Motion

Plaintiff contends that his motion for intervention is timely.  In determining timeliness, the Court looks to three factors: (1) the stage of the proceedings; (2) the prejudice to the existing parties; and (3) the length of and reason for the delay.  League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997).

Defendant argues that the current stage of the proceedings weighs against intervention, as this action is nearly a year and a half old and discovery has gone on for almost a year.  However, discovery thus far was limited to issues related to class certification.  Since the claims asserted by Armenta are largely identical to those asserted by Plaintiff and Armenta is represented by the same counsel representing Plaintiff, Armenta's intervention will not result in much additional discovery.  As discussed at the hearing, it does not appear that the deadlines in the scheduling order need to be extended to accommodate Armenta's intervention.  Defendant argues that it would propound additional discovery to determine whether Armenta is a suitable class representative, but there is no suggestion that this additional discovery is so substantial that it would push the deadlines in the scheduling order.  Given the district judge's overwhelming caseload, there does not appear to be cause to extend any deadlines due to intervention. Discovery related to certification, and any settlement, can be conducted during the time frames

presently set.  Accordingly, the current stage of the proceedings does not weigh substantially against intervention.

Defendant also argues that intervention at this stage of litigation would cause prejudice to the existing parties.  Defendant contends that Armenta's intervention will disrupt a scheduled mediation because Armenta will be permitted to conduct discovery.  However, as discussed above, there's no indication that Armenta will be propounding significant discovery since her claims are identical to those already asserted and she is represented by the same counsel representing Plaintiff.  Defendant concedes that, if the motion for summary judgment against Plaintiff were denied, Armenta's intervention would not add any new issues to this litigation.  (Def.'s Opp'n to Margarita Armenta's Mot. to Intervene 1:25-26.)  Thus, the claims raised by Armenta are identical to those already asserted in this action and will not introduce new issues that require substantial discovery.  While Defendant may propound some discovery aimed at determining whether Armenta is an appropriate class representative, such discovery is likely insubstantial, particularly in light of the fact that as Armenta's employer, Defendant is likely to have information in its possession pertaining to Armenta's suitability as a class representative.  At the hearing, Defendant admitted that the records used in support of the motion for summary judgment against Plaintiff were records in Defendant's possession, not records obtained through discovery.  Accordingly, it is likely that the records relevant to Armenta are also in Defendant's possession and do not need to be obtained through discovery.  Moreover, given the fact that Plaintiff's counsel likely selected Armenta for the purposes of addressing any deficiencies that Plaintiff may have as a suitable class representative, it is unlikely that Armenta's suitability as a class representative will be at issue.  It is worth noting that Defendant contends that the claims against Plaintiff are time-barred because Plaintiff was terminated from employment two years before she asserted her claims.  In contrast, Armenta is still employed with Defendant and therefore the same timeliness concerns do not exist.  Accordingly, the Court finds that Defendant has not persuasively demonstrated any prejudice associated with Armenta's intervention and this factor weighs in favor of intervention.

Finally, Defendant argues that Armenta has not provided persuasive reasons justifying

the delay in seeking intervention. Defendant contends that Armenta was aware of this action for anywhere between five months to more than a year and failed to take action to seek intervention in the interim. Armenta argues that there was no apparent need for intervention until Defendant filed a motion for summary judgment which could result in the dismissal of certain class claims, such as the PAGA claim, unless Armenta is permitted to intervene. Defendant contends that Armenta should have investigated the possibility that Plaintiff's PAGA claim was untimely and intervened earlier. However, the timeliness of Plaintiff's claims is disputed and not readily apparent on the face of Plaintiff's complaint. Defendant does not persuasively demonstrate that the need to intervene would have been reasonably apparent to someone in Armenta's position prior to the filing of the motion for summary judgment. Accordingly, the Court finds that the length of and reason for the delay does not weigh substantially against intervention.

Based upon the foregoing, the Court finds Armenta's motion to intervene timely.

### 3.    Independent Basis for Jurisdiction

Defendant argues that Armenta has not established an independent basis for jurisdiction because the proposed complaint only makes conclusory allegations. However, the Court finds the allegations in the proposed complaint sufficient to establish an independent basis for jurisdiction over Armenta's claims. Armenta asserts federal claims under the Fair Labor Standards Act, which is sufficient to establish subject matter jurisdiction over Armenta's claims. See 28 U.S.C. § 1331. Therefore, this factor weighs in favor of intervention.

### 4.    Permissive Intervention is Appropriate

Based upon the analysis above, the Court finds Armenta's permissive intervention to be appropriate. The Court notes that it would be a waste of judicial resources if the claims under California Labor Code §§ 226(a) and 2699 were dismissed from this class action due to standing issues particular to Plaintiff and class members were required to maintain a separate action to vindicate their rights under those statutes.

The Court notes that Defendant argues that intervention should not be allowed because if the Section 226(a) and 2699 claims are dismissed on the statute of limitations grounds, Plaintiff was never a suitable representative for the proposed class. First, the cases cited by Defendant are

California cases that have no clear applicability to federal class actions.  Second, the cases cited are not on point.  In La Sala v. American Sav. & Loan Assn., 5 Cal. 3d 864 (1971), the court only stated in dicta that a class action may be dismissed without notice given to the class if the class representative was never suitable and therefore the class was improper.  In Parker v. Bowron, 40 Cal. 2d 344, 353 (1953), there is no discussion of whether it would be appropriate to permit substitution of an appropriate class representative.  In Chern v. Bank of America, 15 Cal. 3d 866 (1976), the court dismissed the action after making the determination that there was no allegation that any of class members stated a valid claim and expressly acknowledged the possibility that a class action could survive after the dismissal of the named representative if at least some members of the alleged class survived dismissal.  In Payne v. United California Bank, 23 Cal. App. 3d 850 (1972), the court concluded dismissal was appropriate "where the record shows no attempted amendment to include a proper party plaintiff," which is not the case here, where we have an attempt by Plaintiff and Armenta to include a proper party plaintiff.

Finally, even if there were some rule requiring dismissal where, at the initiation of litigation, Plaintiff was not a suitable class representative, it would not apply in this instance. Plaintiff is a member of the proposed class.  While Defendant contends that some of Plaintiff's claims are time barred, it does not follow that Plaintiff was never a member of the class or a suitable class representative.  A statute of limitations defense is an affirmative defense. Therefore, Plaintiff was a class member and a suitable representative up until the point where the affirmative defense is successfully asserted.

Based upon the foregoing, the Court will grant Armenta's motion to intervene.

**B.     Intervention As Of Right**

Since the Court finds that permissive intervention is appropriate, the Court declines to address whether Armenta is entitled to intervention as of right.

**IV.**

**CONCLUSION AND ORDER**

Based upon the foregoing, the Court finds that it is appropriate to permit Armenta to intervene in this action.

7

1    Accordingly, it is HEREBY ORDERED that Armenta's motion to intervene is
2 GRANTED.  Plaintiff and Armenta shall file the Second Amended Complaint within seven (7)
3 calendar days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **February 26, 2014**

UNITED STATES MAGISTRATE JUDGE