David H. Yeremian, Cal. Bar No. 226337
david@yeremianlaw.com
DAVID YEREMIAN & ASSOCIATES, INC
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiffs LETICIA CEJA-CORONA,
and MARGARITA RUBIO ARMENTA
on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORIA

FRESNO DIVISION

| | |
|---|---|
| LETICIA CEJA-CORONA; MARGARITA RUBIO ARMENTA on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  1:12-CV-01868-SAB<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT**<br><br>*[Filed concurrently with Second Notice of Motion and Motion for Order for Final Approval; Second Notice of Motion and Motion for Order for Attorneys' Fees, etc.; Memorandum of Points and Authorities in support thereof; Declaration of David Yeremian; Declaration of Ani Shirinian; Supplemental Declaration of Ani Shirinian; Declarations of Leticia Ceja-Corona and Margarita Rubio Armenta; and Compendium of California and Unpublished Authority]*<br><br>Date: September 23, 2015<br>Time: 10:00 a.m.<br>Ctrm.: Courtroom 9 |

On September 23, 2015, a hearing was held on Plaintiffs Leticia Ceja-Corona's and Margarita Rubio Armenta's ("Plaintiffs") motion for final approval of the parties' proposed class action settlement. David Yeremian of David Yeremian & Associates, Inc. ("Class Counsel") appeared for Plaintiffs, and Jody Landry of Littler Mendelson, appeared for Defendant CVS Pharmacy, Inc. ("Defendant").

The parties have previously filed with this Court their Joint Stipulation of Class Settlement and Release (the "Agreement" or "Settlement"). This Court preliminarily approved the Settlement in its Order Granting Preliminary Approval of Settlement ("Preliminary Approval Order"). In accordance with this Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions. Only 3 of the 2,305 Class Members opted out of the class and no Class Members objected to the Settlement.

Having received and considered the proposed Agreement, the supporting papers filed by Plaintiff, including the Declarations of David Yeremian, Ani Shirinian, Leticia Ceja-Corona and Margarita Rubio Armenta in Support of the Motion for Final Approval of Class Action Settlement, the evidence previously received by the Court pursuant to Plaintiff's Notice of Motion and Motion For Order for Preliminary Approval of Class Action Settlement filed on December 12, 2014, and the final approval hearing on September 23, 2015, the Court GRANTS FINAL APPROVAL to the Settlement and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. This Court has jurisdiction over the subject matter of this matter and over all Parties, including all members of the putative Settlement Class.

2. Pursuant to this Court's Preliminary Approval Order, Notice of Proposed Class Action Settlement and Fairness Hearing ("Class Notice") and Claim Form were sent to each class member by first-class mail. The Class Notice informed Class Members of the terms of the Agreement, their right to opt out of the class and pursue their own remedies, their opportunity to file written objections, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the settlement. Adequate periods of time were provided by each of

these procedures.  No Class Members filed written objections to the proposed settlement as part of this notice process or stated an intent to appear at the final approval hearing.

3. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of federal law and due process.

4. For the reasons stated in the Court's March 3, 2015 Preliminary Approval Order, the Court finds and determines that the proposed settlement classes, defined in the Agreement as the California Claims Class and the Private Attorney General Act Claims Class (the "Settlement Classes"), meet all of the legal requirements for class certification, and it is hereby ordered that the Settlement Classes are finally approved and certified as classes for purposes of settlement of this action. Likewise, Leticia Ceja-Corona and Margarita Rubio Armenta are also approved as is the Class Representatives. David Yeremian of David Yeremian & Associates, Inc. is also approved as Class Counsel.

5. The Court finds that no Class Member has objected to the terms of the Settlement. The Court further finds and determines that the terms of the Agreement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Agreement, that the Agreement is ordered finally approved, and that all terms and provisions of the Agreement should be and hereby are ordered to be consummated.

6. The Court finds and determines that the payments to be made to the Participating Class Members as provided for in the Agreement are fair and reasonable. The Court gives final approval to and orders the payment of those amounts be made in accordance with the terms of the Agreement.

7. The Court finds and determines that the payment of Ten Thousand Dollars ($10,000.00) to Class Representative Leticia Ceja-Corona, and Seven Thousand Five Hundred Dollars ($7,500.00) to Class Representative Margarita Rubio Armenta, as Enhancement Awards are fair and reasonable. The Court gives final approval to and orders the payment of these amounts to

1  the Class Representatives out of the Gross Maximum Settlement Amount in accordance with the
2  terms of the Agreement.

3  8. The Court finds and determines that the payment of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) to Class Counsel for attorneys' fees is fair and reasonable, as is the payment of Fourteen Thousand Three Hundred And Ninety Nine Dollars and one cent ($14,399.01) to Class Counsel for costs and expenses associated with the Action. The Court gives final approval to and orders the payment of these amounts to Class Counsel out of the Gross Maximum Settlement Amount in accordance with the terms of the Agreement.

9. The Court finds and determines that the payment of Seven Thousand Five Hundred Dollars ($7,500.00) which shall be remitted to the California Labor and Workforce Development Agency ("LWDA") for the resolution of the Class Members' claims under the California Private Attorney General Act ("PAGA"), California Labor Code Section 2698, *et. seq.*, is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid to the LWDA out of the Gross Maximum Settlement Amount in accordance with the terms of the Agreement.

10. The Court finds and determines that the payment of Twenty Eight Thousand Dollars ($28,000.00) for the fees and expenses of the Claims Administrator as set forth in the Agreement is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid to the Claims Administrator out of the Gross Maximum Settlement Amount in accordance with the terms of the Agreement.

11. Nothing in this order will preclude any action to enforce the parties' obligations under the Agreement or under this Order.

12. Upon completion of administration of the settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the parties.

13. Upon satisfaction of all payments and obligations under the Agreement and under this Order, all Class Members who did not opt out, are permanently barred from prosecuting against Defendant CVS Pharmacy, Inc. and each and all of its respective past and present parents, subsidiaries, divisions, general and limited partners, joint venturers and affiliated companies, and

[Proposed] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

each and all of their respective past and present directors, officers, managers, employees, principals, members, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, general partners, limited partners, joint venturers, and affiliated companies, each and all of their respective executors, predecessors, successors, assigns and legal representatives any of the claims released in the Settlement.

14. By operation of the entry of this Order, the Parties shall fully comply with the terms and conditions of the Agreement.

15. Upon entry of this Order and Final Judgment, the Action is hereby dismissed with prejudice as against Defendant, provided, however, and without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (i) interpretation, implementation and enforcement of this settlement; and (ii) enforcement and administration of the Joint Stipulation Of Class Settlement And Release.

IT IS SO ORDERED.

Dated:   **September 25, 2015**         _____
                                        UNITED STATES MAGISTRATE JUDGE